**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG-6431)
NH&S File No.:     00000806LCG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
METEOR AG, and its Interested Subrogated
Underwriters,

                        Plaintiff,

   -against-

FEDERAL EXPRESS CORPORATION,
FEDEX, FEDEX CORPORATION,
TNT FREIGHT MANAGEMENT (USA) INC.,
GEODIS WILSON USA, INC., and
LAND AIR EXPRESS,

                        Defendants.
----------------------------------------------------------------x

JUDGE KOELTL

'08 CIV 3773

Case No.:  08 Civ.         (     )

**COMPLAINT**


RECEIVED APR 21 2008 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff, Meteor AG ("Meteor") and its subrogated Underwriters (hereafter collectively referred to as "Plaintiff"), by its attorney, NICOLETTI HORNIG & SWEENEY, alleges upon information and belief, as follows:

### THE PARTIES

    1.    Plaintiff, is a corporation and/or business entity existing under and pursuant to foreign law with an office and place of business located at Seestrasse 235, 8804 AU/ZH, Switzerland.

    2.    Defendant, Federal Express Corporation, FedEx and FedEx Corporation, (herein collectively referred to as "FedEx"), are business entities and/or corporations existing under and

pursuant to the laws of the State of Delaware and are authorized to and at all material times were doing business in the States of New York and Texas.

3. Defendant, TNT Freight Management (USA) Inc. ("TNT"), is a business entity and/or corporation existing under and pursuant to the laws of one of the fifty states and was at all material times engaged in the business of common carrier of cargo and/or the provision of services related to such carriage.

4. Defendant, Geodis Wilson USA, Inc. ("Geodis"), is a business entity and/or corporation existing under and pursuant to the laws of one of the fifty states and was at all material times engaged in the business of common carrier of cargo and/or the provision of services related to such carriage.

5. Defendant, Land Air Express ("Land Air"), is a business entity and/or corporation existing under and pursuant to the laws of one of the fifty states and was at all material times engaged in the business of common carrier of cargo and/or the provision of services related to such carriage.

## JURISDICTION

6. Jurisdiction and venue over the parties and subject matter is appropriate under 28 U.S.C. §1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

7. This cause of action arises under a treaty of the United States, specifically the Convention of the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. §1502 (the "Warsaw Convention"), and certain amendment threto in effect in the countries of origin and destination on the date of shipment.

8. This Court has in personam jurisdiction over the captioned defendant who conducts business within the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure, and was at all material times engaged in the business of carriage of cargo for hire and/or the provision of services related thereto, and/or were bailees or warehousemen.

9. Plaintiff seeks recovery for cargo loss and damage caused by defendant's breaches of contracts and torts.

10. The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 49 U.S.C. § 14706 (the "Carmack Amendment" to the Interstate Commerce Act).

### FIRST CAUSE OF ACTION

11. This action involves wet damage to a coil winding machine and related parts and equipment which moved, or were intended to move, from Basle, Switzerland to El Paso, Texas, as described more fully in the FedEx air waybill no. 023-0000-4886 dated on or about June 27-28, 2006 and others.

12. Said damage was the result of defendants' recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators truck drivers, warehousemen and employees failed to properly receive, handle, protect, carry, transfer, deliver and care for the cargo in question and in that defendants had no proper and effective procedures to retrieve, handle, protect, carry, transfer, deliver and care for the cargo.

13. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

14. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "14" as though more fully set forth herein at length.

16. At all material times, defendants were charged with the exclusive care, custody and control over the aforementioned cargo.

17. Defendants, as bailee of the goods, owed Meteor the duty to safely and securely transport the cargo as agreed and to turn over the cargo to Meteor and/or its designated consignee in the same order and condition as originally received, at the conclusion of transit.

18. Defendants did not deliver the cargo in the same order and condition as required and breached their duties as bailees.

19. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

## THIRD CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as though more fully set forth herein at length.

21. Defendants, their agent, servant and/or employee, issued air waybill number 023-0000-4886 and others in connection with its agreement to transport and/or to arrange for transportation of the cargo from shipper's facilities in Basle, Switzerland to Meteor's consignee in El Paso, Texas.

22. While in the exclusive care, custody and control of defendants, the cargo was damaged at some point in time between Basle and Dallas, the airport of destination on the FedEx air waybill.

23. While in the exclusive care, custody and control of defendants, the cargo was damaged at some point in time between Dallas Fort Worth Airport and El Paso, Texas, the location of Meteor's ultimate consignee.

24. Defendants' failure to prevent the cargo from being damaged was a breach of their duties and obligation under the air waybill and other bills of lading issued.

25. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

## FOURTH CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though more fully set forth herein at length.

27. The loss and damage which occurred while in FedEx's care, custody and control is a breach of defendants' joint and several duties and obligations under the Warsaw Convention 49 U.S.C. §40105, et seq. in that defendant is an air carrier who accepted the cargo in good order and condition but failed to deliver same to the consignee in good order and condition at destination.

28. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

## FIFTH CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" as though more fully set forth herein at length.

30. When the cargo was received into the care, custody and control of defendants, or entities acting on their behalf, the cargo was in good order and condition.

31. However, defendants failed to make delivery of the entire cargo to plaintiff and/or its designated consignee(s) at the intended destination in the same order and condition. Instead, when delivery was finally made by defendants, after an extended period of time during which the whereabouts of the cargo was undisclosed, the cargo was in a damaged, depreciated and/or short and missing condition which rendered it unfit for intended usage.

32. By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $58,828.40.

## SIXTH CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" as though more fully set forth herein at length.

34. The damage and/or loss of the cargo in suit was caused in whole or in part by defendants' fundamental breaches of, and deviations from, the terms of the governing contracts of carriage.

35. Said breaches and deviations included (a) defendants' failure to deliver the cargo as scheduled to plaintiff and/or its designated consignee(s); (b) the failure to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery, and (c) the eventual delivery of the cargo in a short, missing and depreciated condition.

36. By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $58,828.40.

WHEREFORE, plaintiff requests:

(a) That process in due form of law may issue against Defendants citing it to appear and answer all and singular the matters aforesaid;

(b) That if defendants cannot be found within this district, then all their property within the District where defendants are located be attached in the sum of $58,828.40 with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment may be entered in favor of Plaintiff on the First, Second, Third, Fourth, Fifth and Sixth Causes of Action against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action, and attorneys' fees;

(d) That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2008

Yours, etc.,

**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff

By: _____
Lawrence C. Glynn (LG 6431)
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
NH&S File No.:     00000806LCG