UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
METEOR AG, and its interested Subrogated
Underwriters,

                              Plaintiff,

-against-

                                                          Case. No. 08 CV 3773
FEDERAL EXPRESS CORPORATION,             JUDGE KOELTL
FEDEX, FEDEX CORPORATION,
TNT FREIGHT MANAGEMENT (USA) INC.,
GEODIS WILSON USA, INC., and
LAND AIR EXPRESS,

                              Defendants.
------------------------------------------------------------x

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Federal Express Corporation, incorrectly also sued as FedEx and FedEx Corporation, by its attorneys, submits the following Answer to the Complaint of Plaintiff Meteor AG ("Plaintiff"):

### THE PARTIES

1. Federal Express Corporation is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1.

2. In response to the allegations contained in Paragraph 2, Federal Express Corporation admits that "Federal Express Corporation" is the correctly named company in this lawsuit. FedEx avers that "FedEx" is an improperly named defendant and is not a recognized legal entity, and that "FedEx Corporation" is the parent company of "Federal Express Corporation" and is an improperly named defendant. Federal Express

Corporation (hereinafter "FedEx") admits that it is incorporated in the state of Delaware and is licensed to do business in New York and Texas.

3.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3.

4.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4.

5.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 5.

## JURISDICTION

6.  The allegations in Paragraph 6 are a statement of law to which no response is required.

7.  In response to the allegations contained in Paragraph 7, FedEx avers that the Montreal Convention of 1999 (M99) is the controlling treaty in this case, as the shipment traveled from Switzerland to the United States, and both countries were signatories to M99 on the date of the shipment.

8.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8.

9.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9.

10. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10.

## FIRST CAUSE OF ACTION

11. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11.

12. FedEx denies the allegations contained in Paragraph 12.

13. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13.

14. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14.

## SECOND CAUSE OF ACTION

15. FedEx repeats and restates its response to Paragraphs 1 through 14 as if fully set forth herein.

16. In response to the allegations contained in Paragraph 16, FedEx avers that it is without knowledge as to the details of the shipment, if any, as the tracking number provided by the Plaintiff does not appear to be a valid tracking number.

17. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17,

18. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18.

19. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19.

## THIRD CAUSE OF ACTION

20. FedEx repeats and restates its response to Paragraphs 1 through 19 as if fully set forth herein.

21. In response to the allegations contained in Paragraph 21, FedEx is without knowledge as the tracking number provided by the Plaintiff does not appear to be valid.

22. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22.

23. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23.

24. In response to the allegations contained in Paragraph 24, FedEx denies to the extent the Plaintiff attempts to define the rights and obligations of the parties in contradiction to the contract of carriage.

25. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25.

## FOURTH CAUSE OF ACTION

26. FedEx repeats and restates its response to Paragraphs 1 through 25 as if fully set forth herein.

27. In response to the allegations contained in Paragraph 27, FedEx is without knowledge as the tracking number provided by the Plaintiff does not appear to be valid.

28. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28.

## FIFTH CAUSE OF ACTION

29. FedEx repeats and restates its response to Paragraphs 1 through 28 as if fully set forth herein.

30. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30.

31. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31.

32. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32.

## SIXTH CAUSE OF ACTION

33. FedEx repeats and restates its response to Paragraphs 1 through 32 as if fully set forth herein.

34. FedEx denies the allegations contained in Paragraph 34.

35. FedEx denies the allegations contained in Paragraph 35.

36. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36.

The remainder of the Complaint contains a prayer for relief to which no response is required. To the extent a response is required, FedEx denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it seeks damages in excess of FedEx's contractual limitation of liability.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the terms and conditions contained in the contract of carriage as evidenced by the language found on the airbill which accompanied the shipment at issue and by the terms and conditions of the applicable FedEx Service Guide incorporated therein by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law tort claims are preempted by the federal common law applicable to federally certificated air carriers and by 49 U.S.C. §41713.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by their own breach of contract, or the breach of contract of their agents, employees or representatives.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by their own assumption of risk, or the assumption of risk by their agents, employees, or representatives.

### SIXTH AFFIRMATIVE DEFENSE

FedEx alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by its failure to give timely notice.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the Plaintiff's failure to comply with the terms of the contract of carriage and the Montreal Convention of 1999.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law, including, inter alia, the Airline Deregulation Act, 49 U.S.C. § 41713.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by the Convention for the Unification of Certain Rules Relating to International Transportation by Air concluded at Warsaw, Poland on October 12, 1929 ("Warsaw Convention"), and any amendments thereto, including but not limited to, the Hague Protocol of 1955, the Montreal Protocol No. 4, and the Montreal Convention of 1999.

Dated: New York, NY
       May 9, 2008

Respectfully submitted,

NEWMAN FITCH ALTHEIM MYERS, P.C.

By: _____
Olivia M. Gross
NEWMAN FITCH ALTHEIM MYERS, P.C.
14 Wall Street – 22nd floor
New York, NY 10007

OF COUNSEL
Thomas W. Murrey, Jr.
Tennessee Bar #011623
Federal Express Corporation
Legal Department
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid, this 9thday of May, 2008 to:

_____
Olivia M. Gross
NEWMAN FITCH ALTHEIM MYERS, P.C.
14 Wall Street – 22nd floor
New York, NY 10007