JAMES A. SAVILLE, JR.
KIPP C. LELAND
**HILL RIVKINS & HAYDEN LLP**
Attorneys for Defendant
Land Air Express, Inc.

45 Broadway
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
METEOR AG, and its Interested Subrogated
Underwriters;

        Plaintiff,

  -Against-

FEDERAL EXPRESS CORPORATION, FEDEX,
FEDEX CORPORATION, TNT FREIGHT
MANAGEMENT (USA) INC., GEODIS WILSON
USA, INC. and LAND AIR EXPRESS;

        Defendants.
-----------------------------------------------------------------X

**Index No.: 08 Civ 3773 (JGK)**

**DEFENDANT LAND AIR EXPRESS' ANSWER TO COMPLAINT**

Defendant, Land Air Express, Inc., by and through its attorneys Hill Rivkins & Hayden LLP as and for its Answer to the Complaint of Meteor AG and its Interested Subrogated Underwriters, states as follows:

## THE PARTIES

1. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant Land Air Express admits that it is a corporation existing by virtue of the laws of Kentucky with an office and principal place of business at 6377 Cemetery Road, Bowling Green, Kentucky 42102 and was and now is engaged in business as a provider of air courier services and a carrier of goods for hire.

## JURISDICTION

6. The allegations of Paragraph 6 of the Complaint are statements of law to which no response is required.

7. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

## FIRST CAUSE OF ACTION

11. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Defendant Land Air Express denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant Land Air Express denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION

15. Defendant Land Air Express repeats and realleges every admission, denial and denial of knowledge and information sufficient to form a belief set forth in paragraphs 1-14 as if set forth herein at length.

16. Defendant Land Air Express denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant Land Air Express denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant Land Air Express denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant Land Air Express denies the allegations set forth in paragraph 19 of the Complaint.

## THIRD CAUSE OF ACTION

20. Defendant Land Air Express repeats and realleges every admission, denial and denial of knowledge and information sufficient to form a belief set forth in paragraphs 1 -19 as if set forth herein at length.

21. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant Land Air Express denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant Land Air Express denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant Land Air Express denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant Land Air Express denies the allegations set forth in paragraph 25 of the Complaint.

## FOURTH CAUSE OF ACTION

26. Defendant Land Air Express repeats and realleges every admission, denial and denial of knowledge and information sufficient to form a belief set forth in paragraphs 1 -25 as if set forth herein at length.

27. Defendant Land Air Express denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant Land Air Express denies the allegations set forth in paragraph 28 of the Complaint.

## FIFTH CAUSE OF ACTION

29. Defendant Land Air Express repeats and realleges every admission, denial and denial of knowledge and information sufficient to form a belief set forth in paragraphs 1 -28 as if set forth herein at length.

30. Defendant Land Air Express denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Defendant Land Air Express denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant Land Air Express denies the allegations set forth in paragraph 32 of the Complaint.

## SIXTH CAUSE OF ACTION

33. Defendant Land Air Express repeats and realleges every admission, denial and denial of knowledge and information sufficient to form a belief set forth in paragraphs 1 -32 as if set forth herein at length.

34. Defendant Land Air Express denies the allegations set forth in paragraph 31 of the Complaint.

35. Defendant Land Air Express denies the allegations set forth in paragraph 31 of the Complaint.

36. Defendant Land Air Express denies the allegations set forth in paragraph 32 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

37. The Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

38. To the extent Plaintiff sustained any damage, which is denied, said damages were proximately, directly, and solely caused by the culpable acts of third parties over whom Defendant Land Air Express had and has no direction or control and for whose conduct Defendant Land Air Express had no responsibility.

## THIRD AFFIRMATIVE DEFENSE

39. To the extent Plaintiff sustained any damage, which is denied, said damages occurred as a direct result of Plaintiff's own fault and not by any actionable fault of Defendant Land Air Express and as such Plaintiff is barred from recovery in this action or its damages should be reduced in proportion thereof.

## FOURTH AFFIRMATIVE DEFENSE

40. The shipment described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading and/or air waybills then and there issued by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## FIFTH AFFIRMATIVE DEFENSE

41. Defendant Land Air Express has not been properly served with process.

## SIXTH AFFIRMATIVE DEFENSE

42. This Court is an improper venue for this dispute.

## SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff herein has failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

44. The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## NINTH AFFIRMATIVE DEFENSE

45. To the extent Plaintiff sustained any damage, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody or control of Defendant Land Air Express.

## TENTH AFFIRMATIVE DEFENSE

46. This Court lacks personal jurisdiction over the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

47. To the extent Plaintiff's damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant Land Air Express had knowledge that such damages might be incurred, Defendant Land Air Express is not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## TWELFTH AFFIRMATIVE DEFENSE

48. Plaintiff's right of recovery, if any, is limited to the tariff, bill of lading, delivery receipt and terms and conditions of the contract of carriage which governed this shipment.

## THIRTEENTH AFFIRMATIVE DEFENSE

49. Defendant Land Air Express's liability, which is denied, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts bills of lading, tariff, and/or applicable regulations, statutes, treaties and/or classifications in effect.

## FOURTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff failed to give timely written notice of claim pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts bills of lading, tariff, and/or applicable regulations, statutes, treaties and/or classifications in effect and, therefore, plaintiff's lawsuit is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

51. In the event plaintiff did not or does not have any title or interest in the shipment that is the subject of this action, that Plaintiff is not the real party in interest and is not entitled to maintain this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are time barred by the applicable statute of limitations and the doctrines of estoppel, waiver and laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff has failed to join necessary and indispensable parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

54. To the extent federal law preempts plaintiff's state law claims. Plaintiff's state law claims are preempted.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTSFEDERAL EXPRESS CORPORATION , TNT FREIGHT MANAGEMENT (USA) INC. AND GEODIS WILSON USA, INC.

55. Defendant Land Air Express repeats and re-alleges each and every admission, denial, denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations, and affirmative defense set forth in paragraphs 1 through 54 as if set forth herein at length.

56. Plaintiff has alleged that the subject shipment sustained a loss en route, an allegation which Defendant Land Air Express has denied.

57. However, to the extent Plaintiff has suffered a loss, which is denied, and is entitled to recover damages from Defendant Land Air Express out of the subject shipment, Defendant Land Air Express is entitled to full indemnity and/or full contribution from Co-Defendants Federal Express Corporation, TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc. for such sums, if any are recovered, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Defendant Land Air Express in defending against Plaintiff's action and/or recovering-over against Defendant Federal Express Corporation, TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc..

9

**WHEREFORE**, defendant Land Air Express prays that the Court:

1. Dismiss Plaintiff's First Cause of Action and award defendant Land Air Express its costs and attorneys' fees;

2. Dismiss Plaintiff's Second Cause of Action and award defendant Land Air Express its costs and attorneys' fees;

3. Dismiss Plaintiff's Third Cause of Action and award defendant Land Air Express its costs and attorneys' fees;

4. Dismiss Plaintiff's Fourth Cause of Action and award defendant Land Air Express its costs and attorneys' fees;

5. Dismiss Plaintiff's Fifth Cause of Action and award defendant Land Air Express its costs and attorneys' fees;

6. Dismiss Plaintiff's Sixth Cause of Action and award defendant Land Air Express its costs and attorneys' fees; and

7. Enter judgment in its favor on the crossclaim against c-defendants Federal Express Corporation, TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc.

8. Grant such other and further relief as this Court deems just and proper.

Dated: May 29, 2008

        HILL RIVKINS & HAYDEN LLP
        *Attorneys for Defendant*
        *Land Air Express Inc.*

By: _____
        James A. Saville, Jr.
        Kipp C. Leland

        45 Broadway, Suite 1500
        New York, New York 10006

29859\Pleading\Answer