Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
 GARNDER & RABINOVICH LLP
14 Penn PlJ&Ja, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendant, TNT Freight Management
(USA) Inc. and Geodis Wilson USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| METEOR AG, and its Interested Subrogated Underwriters, | : | Civil Action No.: 08 CIV 3773 (JGK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | **ANSWER AND** |
| | : | **CROSS CLAIMS** |
| FEDERAL EXPRESS CORPORATION, FEDEX, | : | |
| FEDEX CORPORATION, TNT FREIGHT | : | |
| MANAGEMENT (USA), INC., GEODIS WILSON | : | |
| USA, Inc. and LAND AIR EXPRESS, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendants TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc., by

their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for their answer

to the complaint states, upon information and belief, as follows:

## THE PARTIES

1.    Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 1 of the complaint.

2.    Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 2 of the complaint.

3.    Denies each and every allegation contained in paragraph 3 of the complaint.

4.     Admit defendant, Geodis Wilson USA, Inc. ("Geodis"), is a business entity and/or corporation existing under and pursuant to the laws of one of the fifty states but except as so specifically admitted herein, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the complaint.

5.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the complaint.

## JURISDICTION

6.     Denies each and every allegation contained in paragraph 6 of the complaint.

7.     Defendants defer all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

8.     Defendants defer all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

9.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the complaint.

10.     Defendants defer all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint.

## FIRST CAUSE OF ACTION

11.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint.

12.     Denies each and every allegation contained in paragraph 12 of the complaint.

13.    Denies each and every allegation contained in paragraph 13 of the complaint.

14.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the complaint.

## SECOND CAUSE OF ACTION

15.    In response to paragraph 15 of the complaint, defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 14 as if set forth herein at length.

16.    Denies each and every allegation contained in paragraph 16 of the complaint.

17.    Defendants defer all questions of law to the court.  To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the complaint.

18.    Defendants defer all questions of law to the court.  To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the complaint.

19.    Denies each and every allegation contained in paragraph 19 of the complaint.

## THIRD CAUSE OF ACTION

20.    In response to paragraph 20 of the compliant, defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 19 as if set forth herein at length.

21.    Denies each and every allegation contained in paragraph 21 of the complaint.

22.    Denies each and every allegation contained in paragraph 22 of the complaint.

23.    Denies each and every allegation contained in paragraph 23 of the complaint.

3

24.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the complaint.

25.    Denies each and every allegation contained in paragraph 25 of the complaint.

## FOURTH CAUSE OF ACTION

26.    In response to paragraph 26 of the complaint, defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 25 as if set forth herein at length.

27.    Defendants defer all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the complaint.

28.    Denies each and every allegation contained in paragraph 28 of the complaint.

## FIFTH CAUSE OF ACTION

29.    In response to paragraph 29 of the complaint, defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 28 as if set forth herein at length.

30.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the complaint.

31.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the complaint.

32.    Denies each and every allegation contained in paragraph 32 of the complaint.

## SIXTH CAUSE OF ACTION

33.    In response to paragraph 33 of the complaint, defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 32 as if set forth herein at length.

34.    Denies each and every allegation contained in paragraph 34 of the complaint.

35.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the complaint.

36.    Denies each and every allegation contained in paragraph 36 of the complaint.

### GENERAL PROVISION

1.    Any and all allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2.    Plaintiff has failed to state a cause of action against answering defendants.

### SECOND AFFIRMATIVE DEFENSE

3.    The property that is the subject matter of plaintiff's complaint was accepted in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Answering defendants duly performed the terms and conditions on its part to be performed. Answering defendants claim the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices,

5

bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

4.    The liability of answering defendants, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claim against answering defendants is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### FIFTH AFFIRMATIVE DEFENSE

6.    The loss and/or damage to the cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by answering defendants through the exercise of reasonable care.

### SIXTH AFFIRMATIVE DEFENSE

7.    This Court lacks jurisdiction over the person of answering defendants.

### SEVENTH AFFIRMATIVE DEFENSE

8.    To the extent that plaintiff seeks recovery for special damages, answering defendants are not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

9.    In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

### NINTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, plaintiff has failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

11.     The loss at issue was caused by an act or default of the shipper or its agent.

### ELEVENTH AFFIRMATIVE DEFENSE

12.     Answering defendants' liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

### TWELETH AFFIRMATIVE DEFENSE

13.     The damages alleged in the Complaint and/or third party complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of answering defendants and for which causes or conditions answering defendants has no liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     This court is an improper venue for this dispute.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.     The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.     To the extent plaintiff sustained any damage, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody or control of answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.    Answering defendants hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

### CROSS-CLAIM AGAINST FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS

1.    Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence of defendants, FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS without any negligence or culpable conduct on the part of answering defendants contributing thereto.

2.    If plaintiff recovers judgment against answering defendants for the injuries or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendants FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS and their agents, servants or employees, and defendant answering defendants is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

### SECOND CROSS AGAINST FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS

3.    Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence of defendants FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS without any negligence or culpable conduct on part of answering defendants contributing thereto.

8

4.    If plaintiff recovers judgment against answering defendants for the injuries or damage alleged in the Complaint, such liability will have been brought about or caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendants FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS their agents, or employees,  and answering defendants are entitled to contribution from FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that answering defendants shall have judgment over and against defendants FEDERAL EXPRESS CORPORATION, FEDEX, FEDEX CORPORATION and LAND AIR EXPRESS, for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

WHEREFORE, defendants TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc. demands judgment dismissing the complaint, or in the alternative for judgment on the cross-claim for the amount of any judgment against defendants TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: June 23, 2008
      New York, New York

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH, LLP
Attorneys for Defendants, TNT Freight
Management (USA) and Geodis Wilson
USA, Inc.

By: _____
    Marc I. Kunkin (MK4182)
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Our File: 4125.0002

TO:    Lawrence C. Glynn , Esq.
        Nicoletti Hornig & Sweeney
        Wall Street Plaza
        88 Pine Street
        New York, NY 10005
        NH&S File No.: 00000806LCG

        James A. Saville, Jr.
        Kipp C. Leland
        Hill Rivkins & Hayden LLP
        45 Broadway
        New York, NY 10006

AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Latoya Peterson, being duly sworn, states as follows:  I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122.  On June 23, 2008, I served the within Answer and Cross Claims upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:     James A. Saville, Jr.
        Kipp C. Leland
        Hill Rivkins & Hayden LLP
        45 Broadway
        New York, NY 10006

        Lawrence C. Glynn , Esq.
        Nicoletti Hornig & Sweeney
        Wall Street Plaza
        88 Pine Street
        New York, NY 10005

_____
              Latoya Peterson

Sworn to before me this
23rd day of June, 2008

_____
        Notary Public

EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009