Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
  GARNDER & RABINOVICH LLP
14 Penn Plj&Ja, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendant, TNT Freight Management
(USA) Inc. and Geodis Wilson USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
METEOR AG, and its Interested Subrogated  :   Civil Action No.:
Underwriters,                              :   08 CIV 3773 (JGK)
                                           :
            Plaintiffs,                    :
                                           :
    -against-                              :   **ANSWER TO**
                                           :   **CROSS CLAIMS**
FEDERAL EXPRESS CORPORATION, FEDEX,        :
FEDEX CORPORATION, TNT FREIGHT             :
MANAGEMENT (USA), INC., GEODIS WILSON      :
USA, Inc. and LAND AIR EXPRESS,            :
            Defendants.                    :
---------------------------------x

Defendants TNT Freight Management (USA) Inc., and Geodis Wilson USA, Inc., by

their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for their answer

to cross claim of defendant, Land Air Express states, upon information and belief, as follows:

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS FEDERAL
EXPRESS CORPORATION, TNT FREIGHT MANAGEMENT (USA) INC. AND
GEODIS WILSON USA, INC.**

55.    In response to paragraph 55 of the answer and cross claim, defendants repeat

and reallege each and every response to the allegations contained in its answer to the complaint

as if set forth herein at length.

56. Defendants defer all documents to the court for their interpretation and meaning. To the extent a further response is required, denies each and every allegation contained in paragraph 56 of the answer and cross claim.

57. Denies each and every allegation contained in paragraph 57 of the answer and cross claim.

## GENERAL PROVISION

1. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

2. Plaintiff and cross claimant has failed to state a cause of action against answering defendants.

## SECOND AFFIRMATIVE DEFENSE

3. The property that is the subject matter of the complaint and the cross claim was accepted in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Answering defendants duly performed the terms and conditions on its part to be performed. Answering defendants claim the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

4. The liability of answering defendants, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff's claim and the cross claim against answering defendants is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### FIFTH AFFIRMATIVE DEFENSE

6. The loss and/or damage to the cargo was caused by the intervening acts of plaintiff, cross claimant and/or third person(s) which could not be prevented by answering defendants through the exercise of reasonable care.

### SIXTH AFFIRMATIVE DEFENSE

7. This Court lacks jurisdiction over the person of answering defendants.

### SEVENTH AFFIRMATIVE DEFENSE

8. To the extent that plaintiff and cross claimant seeks recovery for special damages, answering defendants are not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

9. In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

### NINTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, plaintiff and cross claimant has failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

11.     The loss at issue was caused by an act or default of the shipper or its agent.

### ELEVENTH AFFIRMATIVE DEFENSE

12.     Answering defendants' liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

### TWELETH AFFIRMATIVE DEFENSE

13.     The damages alleged in the Complaint and/or cross claim were caused by a pre-existing condition and/or other causes or conditions beyond the control of answering defendants and for which causes or conditions answering defendants has no liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     This court is an improper venue for this dispute.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.     The forum is inconvenient and the Complaint and the cross claim should be dismissed pursuant to the doctrine of *forum non conveniens*.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.     To the extent plaintiff and cross claimant sustained any damage, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody or control of answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.    Answering defendants hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendants TNT Freight Management (USA) Inc. and Geodis Wilson USA, Inc. demand judgment dismissing the cross claim together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: June 23, 2008
         New York, New York

                                        SCHINDEL, FARMAN, LIPSIUS,
                                        GARDNER & RABINOVICH, LLP
                                        Attorneys for Defendants, TNT Freight
                                        Management (USA) and Geodis Wilson
                                        USA, Inc.


                                        By: _____
                                            Marc I. Kunkin (MK4182)
                                        14 Penn Plaza, Suite 500
                                        New York, New York 10122
                                        (212) 563-1710
                                        Our File: 4125.0002

TO: James A. Saville, Jr.
Kipp C. Leland
Hill Rivkins & Hayden LLP
45 Broadway
New York, NY 10006

Lawrence C. Glynn , Esq.
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
New York, NY 10005
NH&S File No.: 00000806LCG

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On June 23, 2008, I served the within Answer to Cross Claims upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:    James A. Saville, Jr.
          Kipp C. Leland
          Hill Rivkins & Hayden LLP
          45 Broadway
          New York, NY 10006

          Lawrence C. Glynn, Esq.
          Nicoletti Hornig & Sweeney
          Wall Street Plaza
          88 Pine Street
          New York, NY 10005

_____
Latoya Peterson

Sworn to before me this
23rd day of June, 2008

_____
Notary Public
EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009