UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

METEOR AG,

                        Plaintiff,              08 Civ. 3773 (JGK)

            - against -

                                                MEMORANDUM OPINION AND
FEDERAL EXPRESS CORPORATION,                    ORDER
ET AL.,

                        Defendants.
————————————————————————

JOHN G. KOELTL, District Judge:

        The plaintiff, Meteor AG ("Meteor"), moves pursuant to

Federal Rule of Civil Procedure 59 and Southern District of New

York Local Rule 6.3 for an Order altering or amending this

Court's Order dated January 30, 2009 and judgment entered on May

12, 2009, which granted defendant Federal Express Corporation's

("Federal Express") motion for summary judgment.  Alternatively,

Meteor moves pursuant to Federal Rule of Civil Procedure 60(b)

for relief from the Court's judgment in favor of Federal

Express.


                               I

        Meteor brought the underlying action for alleged water

damage in the amount of $58,828.40 to a coil winding machine

that Meteor shipped from Basle, Switzerland to El Paso, Texas

through Federal Express.  See Meteor AG v. Fed. Express Corp.,

No. 08 Civ. 3773, 2009 WL 222329, at *1 (S.D.N.Y. Jan. 30,

2009).  Meteor asserted its claim against Federal Express under
the Montreal Convention, a multilateral treaty regulating
international air commerce.  Federal Express moved for summary
judgment on the ground that Meteor failed to provide timely
notice of its claim, as required by Article 31 of the Montreal
Convention.  The Montreal Convention does not specify a
particular procedure for submitting a timely claim, but parties
may contract to fill this gap.  Federal Express argued that the
air waybill used by the parties in this case incorporated
Federal Express's Service Guide, which provided that claims must
be submitted to Federal Express's claims department in
Pittsburgh, Pennsylvania.  Federal Express urged that it was
entitled to summary judgment because Meteor sent its complaint
to a Federal Express address at the Dallas-Fort Worth, Texas
airport and by email to a Federal Express sales employee, and
not to its Pittsburgh claims department.  See id. at **1-2, 4-5.

     In the Court's Order dated January 30, 2009, the Court
granted Federal Express's motion for summary judgment.  The
Court found that the parties had agreed by contract that claims
were to be mailed to Federal Express's claims department in
Pittsburgh, and that this was an appropriate exercise of gap-
filling under the Montreal Convention.  The Court found that the
parties had incorporated the terms and conditions of Federal
Express's Service Guide into the air waybill through the air

2

waybill's language pointing to Federal Express's "conditions of carriage." The Court relied on the concession of Meteor's counsel at oral argument that because Federal Express had no conditions of carriage other than those contained in the Service Guide that Meteor was provided, it was therefore clear that the air waybill incorporated the Service Guide's conditions. Meteor AG, 2009 WL 222329, at *6. The Court concluded that because Meteor failed to provide notice of its claim in the manner required by the Service Guide, it failed to fulfill the timely notice requirement of Article 31 of the Montreal Convention, and no action could lie against Federal Express. See id. at **6-7.


II

Meteor brings this motion for reconsideration and argues the Court "overlooked" evidence that Meteor provided additional notice of its claim to Federal Express by sending an email to Eunsuk Won, the import/export manager of TNT Freight Management, and copying the carrier Land Air Express. Meteor argues that this was sufficient notice of its damage claim pursuant to § 10.2 of the air waybill, which provides that a written complaint "may be made . . . to the first Carrier or to the last Carrier or to the Carrier, which performed the carriage during which the loss, damage or delay took place." (Bridwell Decl. Ex. A, ¶ 10.2, Dec. 18, 2008.) Meteor asserts that Land Air Express was

3

the last carrier to handle the damaged cargo and that TNT Freight Management was also a sufficient carrier for purposes of § 10.2 of the air waybill.

Furthermore, Meteor introduces new evidence that it mailed notice of its claim to Federal Express at an address in Switzerland.  Meteor urges that this notice was proper because Federal Express actually maintains multiple sets of Service Guides with different terms and conditions, including different instructions for submitting claims in connection with international shipments from European countries.  Meteor claims that it discovered these additional terms and conditions after oral argument on the motion for summary judgment, and therefore, it withdraws its apparently ill-advised admission that the air waybill's mention of Federal Express's "conditions of carriage" unambiguously referred to the Service Guide it was provided, which stated that claims must be sent to Pittsburgh.  Meteor urges that, therefore, it provided timely notice under Article 31 of the Montreal Convention by mailing notice to Switzerland, because no specific procedure for submitting claims was agreed to by the parties.

As a threshold matter, Federal Express argues that Meteor's motion for reconsideration pursuant to Rule 59(e) and its counterpart, Local Rule 6.3, is untimely because Meteor filed its motion 95 days after the Court issued its January 30, 2009

Order.  However, Rule 59(e) and Local Rule 6.3 provide that in the case of an Order resulting in a judgment, the motion must be made ten days after the entry of the judgment.  In this case, Meteor actually filed its motion on May 5, 2009, several days before judgment was entered on May 12, 2009.  Meteor's motion fits within Rule 59(e)'s requirement that a motion to "amend a judgment must be filed no later than 10 days after the entry of the judgment."  Cf. Miller v. Brownell Steel Corp., No. 91 Civ. 1198, 1993 WL 241339, at *1 (N.D.N.Y. June 28, 1993) (accepting 59(e) motion filed after jury verdict but before judgment was entered and denying motion on merits); Louis Vuitton S.A. v. Spencer Handbags Corp., 597 F. Supp. 1186, 1192 (E.D.N.Y. 1984) (construing letter filed after court issued order but before judgment was entered as 59(e) motion).  Therefore, Meteor's motion was timely.[1]

While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered

---

[1] A leading treatise suggests that "a Rule 59(e) motion is also considered untimely if it is made before the entry of a judgment."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2817 (2d ed. 1995) (citing McNabola v. Chicago Transit Auth., 10 F.3d 501, 519-21 (7th Cir. 1993)).  However, in McNabola, 10 F.3d 501, 519-21 (7th Cir. 1993), the plaintiff filed a Rule 59(e) motion in July 1991, after the district court entered judgment in March 1991.  The district court then issued a second judgment in December 1991 announcing that the plaintiff had accepted a remittitur.  The Court of Appeals for the Seventh Circuit rejected the plaintiff's argument that his July 1991 Rule 59(e) motion was timely in regard to the second, December 1991 judgment on the ground, among others, that the plaintiff's motion related to the March judgment and the timeliness of a Rule 59(e) motion is measured from the date of the judgment to which it is related.

or amended pursuant to Rule 59(e):  the need to prevent manifest

injustice, the need to correct errors of law or fact, the

availability of new evidence, or an intervening change in

controlling law.  See Virgin Atl. Airways, Ltd. v. National

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Reconsideration of a court's prior order "is an extraordinary

remedy to be employed sparingly" in the interest of finality.

In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613,

614 (S.D.N.Y. 2000) (citation omitted).  In a motion for

reconsideration, a party may not "advance new facts, issues or

arguments not previously presented to the Court."  Torres v.

Carry, No. 08 Civ. 8967, 2009 WL 3633897, at *1 (S.D.N.Y. Oct.

29, 2009) (citation omitted) (motion under Local Rule 6.3).

      Meteor also moves for relief from the judgment under Rule

60(b).  "There is a considerable overlap between Rule 59(e) and

Rule 60."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, Federal Practice & Procedure § 2817 (2d ed. 1995).  Rule

60(b) allows a court to relieve a party from a final judgment

for, among other reasons, "(1) mistake, inadvertence, surprise,

or excusable neglect;" "(2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b);" or "(6) any other reason

that justifies relief."  Meteor does not specify which clause of

Rule 60(b) provides the basis for its motion in this case, but suggests there is newly discovered evidence.

Meteor's argument that it provided notice to Land Air Express and TNT Freight Management, pursuant to § 10.2 of the air waybill, is an insufficient basis for reconsideration under either Rule 59(e) or Rule 60(b).  Meteor claims that the Court "overlooked" this evidence, but this final-carrier argument was available to Meteor and was simply never raised to the Court during its consideration of Federal Express's motion for summary judgment.  New arguments may not be raised in a motion for reconsideration under Rule 59(e), see Morse/Diesel Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991) (discussing Local Rule 3(j), which has been renumbered as Local Rule 6.3 and corresponds to Rule 59(e)), nor may they be made in a motion for relief under Rule 60(b), see Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (noting Rule 60(b) is not avenue for counsel to have second chance at litigating case).

Meteor's argument that its late discovery of a new Federal Express Service Guide, which is available on Federal Express's Swiss web site, provides a basis for relief pursuant to Rule 60(b)(2) is similarly unavailing.  The Swiss Service Guide could have been discovered by Meteor with due diligence--as Meteor notes, the guide can be found online.  See Spacey v. Burgar, 207 F. Supp. 2d 1037, 1053 (C.D. Cal. 2001) (finding evidence

available on Internet could have been obtained with reasonable diligence).  Meteor also admits in its papers on this motion that it did not seek discovery of any additional service guides from Federal Express beyond the one it was provided.  Meteor was also, of course, in control of any evidence that it had sent notice to Federal Express in Switzerland.  See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) (finding evidence discovered in defendants' own files did not support defendants' newly discovered evidence claim).  Therefore, the Swiss Service Guide and Meteor's own notice mailed to Switzerland do not qualify as "newly discovered evidence" that could not have been discovered with due diligence and do not support relief under Rule 60(b)(2).

The parties' briefing on this motion, however, brings one troubling issue to light.  In response to Meteor's argument that there were numerous Service Guides, and that the shipment at issue should, in fact, be governed by the Swiss Service Guide, Federal Express offers a new and convoluted argument.  Federal Express argues, for the first time, that the Service Guide it provided to Meteor is binding because this was an "International Airport-to-Airport" ("ATA") shipment (i.e., Federal Express was only responsible for shipping the goods from one airport to the next), which is referred to in the Service Guide.  (Bridwell Aff. Ex. C, 141, Nov. 5, 2008.)  For ATA shipments, the Service

8

Guide directs shippers to "the applicable Service Guide, terms and conditions, and/or tariffs for these services." (Bridwell Aff. Ex. C, 141, Nov. 5, 2008.)  Federal Express claims that because there was no particular Service Guide for ATA shipments at the time, the terms and conditions of Meteor's air waybill applied.  The air waybill, in turn, refers Meteor to the "Carrier's conditions of carriage and related rules," (Bridwell Decl. Ex. A, ¶ 2.2.2, Dec. 18, 2008) which Federal Express argues is its Service Guide in the United States, including the rule that complaints must be sent to Pittsburgh.  Federal Express acknowledges that this argument is "somewhat circular." Indeed.

A contract's incorporation of additional terms by reference must be sufficiently clear to allow the referenced document to be "ascertained beyond doubt." New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 30 (2d Cir. 1997).  In deciding the motion for summary judgment in this case, the Court relied on the concession of Meteor's counsel at oral argument that the Service Guide's terms were incorporated by the air waybill.  Meteor AG, 2009 WL 222329, at *6.  While the Service Guide could have been incorporated by the air waybill in this case, it is no longer sufficiently clear that it has been incorporated to support Federal Express's motion for summary judgment.

While the Court distinguished <u>Sotheby's v. Fed. Express
Corp.</u>, 97 F. Supp. 2d 491, 500 (S.D.N.Y. 2000), in its Order
granting summary judgment, Judge Chin's concern for clarity in
an air waybill's incorporation of a Service Guide is
instructive.  Judge Chin found that a Federal Express air
waybill's reference to "applicable tariffs, rules, conditions of
carriage, regulations and timetables" was not sufficiently clear
to incorporate a Service Guide provision that contradicted the
face of the air waybill.  <u>Id.</u>  In this case, absent Meteor's
counsel's concession at oral argument, it is equally unclear
that the air waybill incorporated the Service Guide used in the
United States and that Meteor's complaint must have been sent to
Pittsburgh.

While reconsideration is to be used sparingly, the purpose
of Rule 59 is to allow the Court to prevent the miscarriage of
justice and to correct errors that come to its attention.  11
Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal
Practice & Procedure</u> §§ 2803, 2817 (2d ed. 1995).  Upon
reflection, the circular logic so far offered to support Federal
Express's theory of the Service Guide's incorporation is not
sufficient to support its motion for summary judgment.
Furthermore, the interests of justice outweigh any interests of
finality in holding Meteor responsible for its counsel's ill-
advised concession, which it now wishes to withdraw.

CONCLUSION

For the reasons stated above and pursuant to Rule 59(e),

Meteor's motion to alter the Court's judgment is **granted**.  The

Court's judgment dated May 12, 2009 is **vacated**.  The Court will

set the case down for trial in a separate Order.

**SO ORDERED.**

**Dated:      New York, New York**
**         November 18, 2009**

John G. Koeltl
United States District Judge

11